**Electronically Filed
Intermediate Court of Appeals
CAAP-14-0001274
24-NOV-2017
02:14 PM**

NO. CAAP-14-0001274

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAIʻI

LISA M. VOLQUARDSEN, ESQ., LLLC,
a Hawaii Domestic Limited Liability Law Corporation,
Plaintiff-Appellee,
v.
CHARLES H. MURATA, Defendant-Appellant,
and
JOHN DOES 1-10; JANE DOES 1-10; DOE CORPORATIONS,
PARTNERSHIPS, GOVERNMENTAL UNITS or OTHER ENTITIES 1-20,
Defendants

APPEAL FROM THE CIRCUIT COURT OF THE THIRD CIRCUIT
(CIVIL NO. 13-1-182K)

SUMMARY DISPOSITION ORDER
(By: Fujise, Presiding Judge, Ginoza and Chan, JJ.)

Defendant-Appellant Charles H. Murata (Murata), *pro se*, appeals from an order entered by the Circuit Court of the Third Circuit (circuit court)[1] denying Murata's motion to dismiss the complaint filed by Plaintiff-Appellee Lisa M. Volquardsen, Esq., LLLC (Volquardsen) (Motion to Dismiss). Volquardsen's complaint seeks a temporary and permanent injunction, declaratory relief, and damages based upon the allegations that Murata, a former employee of Volquardsen's, among other things, has continued to, without authorization, possess and disseminate confidential client information and communications. Murata's Motion to

---

[1] The Honorable Ronald Ibarra presided.

Dismiss is based upon the allegation that Volquardsen's complaint constitutes a strategic lawsuit against public participation (SLAPP) under Chapter 634F of the Hawaii Revised Statutes (HRS), Hawai'i's anti-SLAPP statute.

On appeal, Murata appears to contend that:

(1) the circuit court erred in denying his Motion to Dismiss because Volquardsen had failed to respond to the Motion to Dismiss in the manner required by HRS § 634F-2;

(2) the circuit court committed plain error in denying the Motion to Dismiss because doing so violated Murata's "right to participate in . . . government" which he exercised by reporting the "possible commission of a federal crime";

(3) the "testimony submitted into the government proceedings" related to the employment disputes between Murata and Volquardsen is "protected" and "confidential";

(4) he had ineffective assistance of counsel.

Upon careful review of the record and the briefs submitted by the parties and having given due consideration to the arguments advanced and the issues raised by the parties, as well as the relevant statutory and case law, we resolve Murata's points of error as follows, and affirm.

(1) In his first point of error, Murata contends that the circuit court erred in denying his Motion to Dismiss because Volquardsen had failed to respond to the Motion to Dismiss in the manner required by HRS § 634F-2.

HRS § 634F-2 (2016) states in relevant part:

> **[§634F-2]  Required procedures; motion.**
> Notwithstanding any law to the contrary, including rules of court, upon the filing of any motion to dispose of a claim in a judicial proceeding on the grounds that the claim is based on, relates to, or involves public participation and is a SLAPP lawsuit:
>
> . . . .
>
> (4)  The responding party shall:
>
> (A)  Without leave of court, have seven days to amend its pleadings to be pled with specificity, and shall include such supporting particulars as are peculiarly within the supporting pleader's knowledge; and
>
> (B)  Have the burden of proof and persuasion on the motion;

     (5)     The court shall make its determination based upon the allegations contained in the pleadings;

     (6)     The court shall grant the motion and dismiss the judicial claim, unless the responding party has demonstrated that more likely than not, the respondent's allegations do not constitute a SLAPP lawsuit as defined in section 634F-1;

. . . .

Specifically, Murata seems to contend that because his Motion to Dismiss is based on the allegation that Volquardsen's original complaint is a SLAPP lawsuit,[2] Volquardsen was required to amend her complaint pursuant to HRS § 634F-2(4)(A), rather than file an objection to the Motion to Dismiss. However, Volquardsen was only required to amend her complaint if the complaint did not sufficiently demonstrate that more likely than not, Volquardsen's allegations do not constitute a SLAPP lawsuit. See HRS § 634F-2(4)(A), (6).

Based upon the allegations contained in Volquardsen's complaint, and considering that Volquardsen had the burden of proof and persuasion on the Motion to Dismiss as the responding party, see HRS § 634F-2(4)(B), we conclude that Volquardsen "has demonstrated that more likely than not, [Volquardsen's] allegations do not constitute a SLAPP lawsuit as defined in section 634F-1[.]" HRS § 634F-2(6).

Under HRS § 634F-1, in order for a lawsuit to be a SLAPP, it must (1) lack substantial justification[3] or be interposed for delay or harassment, and (2) be *solely* based on the party's public participation before a governmental body[4].

---

[2]     HRS § 634F-1 (2016) states in relevant part:

     **[§634F-1] Definitions.** As used in this chapter, unless the context otherwise requires:
     . . . .
     "SLAPP" means a strategic lawsuit against public participation and refers to a lawsuit that lacks substantial justification or is interposed for delay or harassment and that is solely based on the party's public participation before a governmental body.

[3]     HRS § 634F-1 defines "[l]acks substantial justification" as "substantially frivolous, substantially groundless, or substantially vexatious."

[4]     Under HRS § 634F-1, a "'[g]overnmental body' includes a branch, department, agency, instrumentality, official, employee, agent, or other person acting under color of law of the United States, a state, or subdivision

3

Perry v. Perez-Wendt, 129 Hawai'i 95, 100, 294 P.3d 1081, 1086 (App. 2013). Here, the allegations in the complaint demonstrate that Volquardsen's lawsuit does not meet either of the elements required to be a SLAPP.

The complaint alleges the following: Murata used to work for Volquardsen, and was not authorized to retain, remove, keep or disseminate the confidential information from Volquardsen or her clients. However, after Murata quit his job with Volquardsen, he continued to possess and disseminate confidential client information and communications. Murata has continued to engage in unauthorized activities which are detrimental to Volquardsen's clients and business. When Volquardsen contacted the Office of Disciplinary Counsel regarding the issue, she was advised to file a temporary restraining order and preliminary injunction in order to protect Volquardsen's confidential client information.

Based upon these allegations, Volquardsen's claims do not appear to lack substantial justification or be interposed for delay or harassment. We find the allegation that Volquardsen was advised by a government body to file her lawsuit particularly noteworthy. Although Murata alleges in his Motion to Dismiss that prior to the filing of Volquardsen's complaint, Murata had submitted "testimony and evidence" to the Department of Labor and Industrial Relations for "redress of labor grievances" arising out of his employment with Volquardsen, we conclude that the allegations in the complaint show that any alleged public participation before a government body by Murata is not the *sole* basis for Volquardsen's complaint.

Murata further argues that the circuit court improperly considered Volquardsen's objection to the Motion to Dismiss, because pursuant to HRS § 634F-2(5), the court was required to consider only the pleadings in rendering its ruling. HRS Chapter 634F does not preclude a responding party from filing an objection or an opposition to a motion that seeks to dispose of an alleged SLAPP claim. Rather, the responding party has the

---

of a state or other public authority."

4

"burden of proof and persuasion on the motion" and "[t]he court shall make its determination based upon the allegations contained in the pleadings." HRS § 634F-2(4)(B), (5). Thus, a responding party is allowed to oppose such a motion, but the court shall not consider alleged facts or evidence outside of the pleading that asserts the subject claim. See Perry 129 Hawaiʻi at 99, 294 P.3d at 1085.

Here, we note that there is nothing in the record to indicate whether or not, in denying the Motion to Dismiss, the circuit court considered alleged facts or evidence set forth in Volquardsen's objection that are not alleged in her complaint. Regardless, given our de novo review, any consideration of allegations outside the complaint by the circuit court was harmless[5] since, as explained above, the complaint alone sufficiently demonstrates that more likely than not, Volquardsen's allegations do not constitute a SLAPP lawsuit.

(2) Next, Murata appears to contend that the circuit court committed plain error in denying the Motion to Dismiss because doing so violated Murata's "right to participate in . . . government" and was "a miscarriage of justice."

Murata cites to federal case law regarding plain error review in criminal matters. However, the instant case is a civil matter, and we "invoke the plain error doctrine in civil cases only when justice so requires. As such, the appellate court's discretion to address plain error is always to be exercised sparingly." Okada Trucking Co. v. Bd. of Water Supply, 97 Hawaiʻi 450, 458, 40 P.3d 73, 81 (2002) (internal quotation marks, citations, and ellipsis in original omitted).

---

[5] Rule 61 of the Hawaiʻi Rules of Civil Procedure provides:

**Rule 61. HARMLESS ERROR.**
No error in either the admission or the exclusion of evidence and no error or defect in any ruling or order or in anything done or omitted by the court or by any of the parties is ground for granting a new trial or for setting aside a verdict or for vacating, modifying, or otherwise disturbing a judgment or order, unless refusal to take such action appears to the court inconsistent with substantial justice. The court at every stage of the proceeding must disregard any error or defect in the proceeding which does not affect the substantial rights of the parties.

Murata contends that the circuit court plainly erred in denying the Motion to Dismiss, based upon the legislative intent of HRS §§ 634F-1 to -4, which he argues is to "[p]rotect and encourage citizen participation in government to the maximum extent permitted by law" and "provide a protection for natural persons who are citizens of the State of Hawaii and/or the United States of America against SLAPPs which are substantially vexatious, groundless, frivolous and lacking substantial justification." However, Hawaiʻi appellate courts "derive[] legislative intent primarily from the language of [the] statute and follow[] the general rule that in the absence of clear legislative intent to the contrary, the plain meaning of the statute will be given effect." State v. Akina, 73 Haw. 75, 78, 828 P.2d 269, 271 (1992).

Here, the legislative intent of HRS §§ 634F-1 to -4 is clear from the statutory language. Therefore, the plain meanings of the statutory provisions are given effect. As explained above, the circuit court did not err in denying Murata's Motion to Dismiss because Volquardsen's lawsuit is not a SLAPP under HRS §§ 634F-1 and -2. Therefore, we decline to notice plain error in this case.

(3) Murata further seems to contend that the "testimony submitted into the government proceedings" related to the employment disputes between Murata and Volquardsen is "protected" and "immunity and confidentiality of the government proceeding was mandated." However, this contention is not supported by any discernible argument and fails to state any alleged error committed by the circuit court. Even if any such error were properly alleged on appeal, Murata also fails to cite to where in the record any error might have occurred. Therefore, this contention is deemed waived and will not be addressed further. See Kakinami v. Kakinami, 127 Hawaiʻi 126, 144 n.16, 276 P.3d 695, 713 n.16 (2012) (citing In re Guardianship of Carlsmith, 113 Hawaiʻi 236, 246, 151 P.3d 717, 727 (2007) (noting that this court may "disregard a particular contention if the appellant makes no discernible argument in support of that position") (internal quotation marks and brackets omitted)); Asato v.

6

Procurement Policy Bd., 132 Hawaiʻi 333, 354 n.22, 322 P.3d 228, 249 n.22 (2014) ("However, these are not truly 'points of error' inasmuch as they do not state an 'alleged error committed by the court[.]' Hawaiʻi Rules of Appellate Procedure Rule 28(b)(4)(i)."); Kamaka v. Goodsill Anderson Quinn & Stifel, 117 Hawaiʻi 92, 114 n.23, 176 P.3d 91, 113 n.23 (2008) ("This court is not obligated to sift through the voluminous record to verify an appellant's inadequately documented contentions." (citation omitted)).

(4) Lastly, Murata contends that he had "[i]neffectiveness of [c]ounsel" because "Murata's former counsel is the sole reason the submission of the Order Granting the Preliminary Injunction was not challenged to be denied or modified." Again, this contention fails to state any alleged error committed by the circuit court and will therefore not be addressed here. See Asato, 132 Hawaiʻi at 354 n.22, 322 P.3d at 249 n.22 ("However, these are not truly 'points of error' inasmuch as they do not state an 'alleged error committed by the court[.]' Hawaiʻi Rules of Appellate Procedure Rule 28(b)(4)(i).").

Based on the foregoing, the "Order Denying Defendant's Motion to Dismiss: Pursuant to Hawaii Revised Statutes 634F 1-4: Hawaii Citizen Participation in Government Anti-SLAPP Motion and Request for Damages, Punitive and Actual, Attorney's Fees and Costs, Filed Herein on June 26, 2014," entered by the circuit court on October 6, 2014, is affirmed.

DATED: Honolulu, Hawaiʻi, November 24, 2017.

On the briefs:

Charles H. Murata,
Defendant-Appellant.

Lisa M. Volquardsen,
Plaintiff-Appellee.

Presiding Judge

Associate Judge

Associate Judge

7